IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY/RAGSDALE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| KEYSTONE CLASSIC HOMES, LLC and | § | Jury Trial Demanded |
| MICHAEL SURFACE | § | |
| | § | |
| Defendants. | § | |
| | § | |

## COMPLAINT

Plaintiff, Gary/Ragsdale, Inc. (hereinafter "GRI"), complains of Defendants (a) Keystone Classic Homes, LLC ("Keystone"); and (b) Michael Surface ("Surface") (together, "Defendants"), and for its causes of action shows the following:

### THE PARTIES

1.  GRI is a Texas corporation with its principal place of business in Houston, Harris County, Texas.

2.  Keystone is a Texas limited liability corporation that conducts business in this District on a regular and ongoing basis, and may be found in this District. It may be served with process through its attorney, Jeb Brown, 3100 Edloe Street, Suite 220, Houston, Texas 77027, or through its registered agent, Michael Surface, 10565 Katy Fwy, Ste. 225, Houston, Harris County, Texas 77024-1092, or wherever he may be found.

3.  Surface is an individual residing in Houston, Harris County, Texas and may be served with process through his attorney, Jeb Brown, 3100 Edloe Street, Suite 220,

Houston, Texas 77027, or by serving him personally at 10565 Katy Fwy, Ste. 225, Houston, Harris County, Texas 77024-1092, or wherever he may be found.

## JURISDICTION AND VENUE

4.     This is an action for copyright infringement arising under the laws of the United States of America, codified at 17 U.S.C. §§ 101 *et seq*.

5.     This court has exclusive federal jurisdiction over the subject matter of Plaintiff's claim under 28 U.S.C. § 1338.

6.     Each of the Defendants is subject to the personal jurisdiction of this Court because they reside in this District and solicit and transact business in this District on a regular basis, and because acts complained of herein occurred and are occurring in this District.

7.     Venue in this District is proper under 28 U.S.C. §§ 1391(b) and 1400(a) as one or more of the Defendants may be found in this District, a substantial part of the events giving rise to the claims at issue in this action occurred in this District, one or more of the Defendants may be found in this District, and all Defendants are subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

8.     GRI is a residential design firm that creates and licenses the use of "architectural works" (as that term is use in Title 17, United States Code) and technical drawings depicting those architectural works.  GRI refers to one such design as "Plan 376," which it created in 1996.

2

9. The copyrights in Plan 376 have been registered with the United States Copyright Office under Certificates of Registration VAu000484068 and VAu000484069, with an effective date of registration of April 28, 2000.

10. GRI has also created numerous derivative works based on Plan 376 (hereinafter, the "Plan 376 Derivatives").

11. GRI has applied for registration of its architectural works and technical drawings copyrights in the Plan 376 Derivatives, has paid the required fees for such registrations, and has made the required deposits with the Copyright Office.

    a. <u>Taylor Woodrow Gleason</u>. GRI has filed application for registration of its copyrights in this architectural work and in technical drawings depicting this architectural work, has paid the requisite fees, and has deposited the necessary copies of the works with the United States Copyright Office. The United States Copyright Office has received all such materials, and the applications have been give Case Nos. 1-3427052371 and 1-3427052278.

    b. <u>Taylor Woodrow Altessa</u>. GRI has filed application for registration of its copyrights in this architectural work and in technical drawings depicting this architectural work, has paid the requisite fees, and has deposited the necessary copies of the works with the United States Copyright Office. The United States Copyright Office has received all such materials, and the applications have been give Case Nos. 1-3427052201 and 1-3426969119.

    c. <u>Starwood Pecos Plan</u>. GRI has filed application for registration of its copyrights in this architectural work and in technical drawings depicting this architectural work, has paid the requisite fees, and has deposited the necessary

copies of the works with the United States Copyright Office.  The United States Copyright Office has received all such materials, and the applications have been give Case Nos. 1-33426969072 and 1-3426968990.

d.  <u>Starwood Neches Plan</u>.  GRI has filed application for registration of its copyrights in this architectural work and in technical drawings depicting this architectural work, has paid the requisite fees, and has deposited the necessary copies of the works with the United States Copyright Office.  The United States Copyright Office has received all such materials, and the applications have been give Case Nos. 1-3426968913 and 1-34276968761.

e.  <u>Starwood Medina Plan</u>.  GRI has filed application for registration of its copyrights in this architectural work and in technical drawings depicting this architectural work, has paid the requisite fees, and has deposited the necessary copies of the works with the United States Copyright Office.  The United States Copyright Office has received all such materials, and the applications have been give Case Nos. 1-3426968639 and 1-3426968557.

f.  <u>Starwood Wietzel Custom Home</u>.  GRI has filed application for registration of its copyrights in this architectural work and in technical drawings depicting this architectural work, has paid the requisite fees, and has deposited the necessary copies of the works with the United States Copyright Office.  The United States Copyright Office has received all such materials, and the applications have been give Case Nos. 1-3426968510 and 1-3426968415.

g.  <u>Starwood Vaglienty Custom Home</u>.  GRI has filed application for registration of its copyrights in this architectural work and in technical drawings

4

depicting this architectural work, has paid the requisite fees, and has deposited the necessary copies of the works with the United States Copyright Office. The United States Copyright Office has received all such materials, and the applications have been give Case Nos. 1-3426968278 and 1-3426872160.

h.      Maplehurst.  GRI has filed application for registration of its copyrights in this architectural work and in technical drawings depicting this architectural work, has paid the requisite fees, and has deposited the necessary copies of the works with the United States Copyright Office.  The United States Copyright Office has received all such materials, and the applications have been give Case Nos. 1-3426872113 and 1-3426871978.

i.      Hoover 204 Timber Line Road.  GRI has filed application for registration of its copyrights in this architectural work and in technical drawings depicting this architectural work, has paid the requisite fees, and has deposited the necessary copies of the works with the United States Copyright Office.  The United States Copyright Office has received all such materials, and the applications have been give Case Nos. 1-3426871730 and 1-3426871623.

j.      DR Horton Plan 3730.  GRI has filed application for registration of its copyrights in this architectural work and in technical drawings depicting this architectural work, has paid the requisite fees, and has deposited the necessary copies of the works with the United States Copyright Office.  The United States Copyright Office has received all such materials, and the applications have been give Case Nos. 1-3426871496 and 1-3426871409.

k. <u>DR Horton Plan 3101</u>. GRI has filed application for registration of its copyrights in this architectural work and in technical drawings depicting this architectural work, has paid the requisite fees, and has deposited the necessary copies of the works with the United States Copyright Office. The United States Copyright Office has received all such materials, and the applications have been give Case Nos. 1-3426871336 and 1-3426625022.

12. Plan 376 and each of the Plan 376 Derivatives (hereinafter collectively referred to as the "Copyrighted Works") contain material wholly original to Plaintiff GRI that is copyrightable subject matter under 17 U.S.C. §§ 101 *et seq*.

13. Plaintiff GRI is the sole owner of all right, title and interest in and to the Copyrighted Works.

14. GRI originally licensed the Plan 376 to Village Builders in 1996, and has subsequently licensed it and its derivatives to many other builders in the Houston Metropolitan area.

15. One such GRI licensee has marketed and constructed houses based on the Copyrighted Works in the Weston Lakes subdivision in Fulshear, Texas.

16. Keystone is a Houston area home builder. Keystone also builds and market houses in the Weston Lakes subdivision in Fulshear, Texas.

17. Surface is a principal of Keystone.

18. At all material times, Surface has and has had a direct financial interest in Keystone's activities.

19. At all material times, Surface has and has had the right or ability to supervise and control Keystone's activities.

20. Keystone has constructed and marketed houses (the "Subject Houses"), including in the Weston Lakes subdivision, that are copies or derivatives of the Copyrighted Works. These include houses based on designs that Keystone refers to as its "Jackson," "Weatherford," and "Cooper" models (the "Subject Designs").

21. Additionally, in their activities associated with Weston Lakes subdivision have created, published and used non-pictorial depictions of structures based on the Copyrighted Works in promotional and advertising materials. They have published and used these infringing materials in the course of advertising the infringing structures, including but not limited to advertising on the Internet. Furthermore, they have used the structures themselves to advertise their infringing structures. These infringing advertising activities have resulted in the sales of infringing structures described above. Furthermore, these infringing advertising activities, and the resulting infringing sales, are and have been a substantial factor in the value of any infringing structures that defendants have not yet sold, and the prices that buyers would be willing to pay for such structures.

22. GRI has not licensed or otherwise authorized Keystone to use any of the Copyrighted Works.

## COUNT I: COPYRIGHT INFRINGEMENT

(17 U.S.C. §§ 101 *et seq.*)

23. GRI realleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 22 above.

24. Keystone has violated GRI's exclusive rights in each of the Copyrighted Works (including the right to reproduce, right to prepare derivative works, and right to distribute) by copying, publishing, distributing, advertising, marketing, selling, and/or

constructing in the marketplace, architectural works, technical drawings, and nonpictorial representations which were copied or otherwise derived from the Copyrighted Works, including the Subject Houses and the advertisements depicting the Subject Designs.

25. Surface is vicariously liable for Keystone's copyright infringement because at all material times has had the ability to supervise and control its activities, and has had a direct financial interest in Keystone's activities, and is thus jointly and severally liable for any judgment entered against Keystone.

26. Pursuant to 17 U.S.C. § 504(b), GRI is entitled to recover all profits of each Defendant that are attributable to the infringement, including but not limited to the profits from the sale of any of the Subject Houses or otherwise arising from the use of any of the Copyrighted Works or derivatives thereof.

27. Alternatively, GRI is entitled to recover statutory damages pursuant to 17 U.S.C. § 504(c).

28. Pursuant to 17 U.S.C. § 502, GRI is entitled to preliminary and permanent injunctive relief to restrain copyright infringement of the Copyrighted Works, including but not limited to the further reproduction or distribution of infringing drawings or plans and the construction, marketing, sale, or rental of infringing structures.

29. Pursuant to 17 U.S.C. § 503(b), GRI is entitled to an order requiring the destruction or other reasonable disposition of all infringing copies found to have been made in violation of its exclusive rights.

30. Pursuant to 17 U.S.C. § 505, GRI is entitled to recover its costs of court and reasonable attorneys' fees.

## CONDITIONS PRECEDENT

31. GRI generally avers that all conditions precedent to its rights of recovery have occurred or have been performed.

## JURY DEMAND

32. Pursuant to Federal Rule of Civil Procedure 38, GRI demands trial by jury on all issues so triable.

WHEREFORE, Gary/Ragsdale, Inc. prays that defendants be cited to appear and answer, and that upon final trial that it have and recover from defendants as requested herein, that it have injunctive and destructive relief as requested herein, and that it have such and other relief as it may show itself to be entitled.

Date: June 10, 2016                    Respectfully submitted,

By: /s/ Monica M. Moussighi
Louis K Bonham
State Bar No. 02597700
SD Tx No. 8300
bonham@oshaliang.com

Monica M. Moussighi
State Bar No. 24074767
SD Tx No. 24074767
OSHA LIANG L.L.P.
909 Fannin Street, Suite 3500
Houston, Texas 77010
713.228.8600 Telephone
713.228.8778 Facsimile
moussighi@oshaliang.com

COUNSEL FOR PLAINTIFF